UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 22-2771-DMG (PLAx)** | Date | May 6, 2022 |
|---|---|---|---|

| Title | ***John Ward v. Ford Motor Company*** | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO THE LOS ANGELES COUNTY SUPERIOR COURT**

On April 26, 2022, Defendant Ford Motor Company ("Ford") removed this action from the Los Angeles County Superior Court to this Court, asserting diversity jurisdiction. Not. of Removal ("NOR") [Doc. # 1]. Plaintiff John Ward filed his Complaint in state court on March 3, 2022, alleging claims for violations of California's Song-Beverly Act and breaches of warranty stemming from his purchase of a vehicle manufactured by Ford. [Doc. # 1-2.]

Ford was served with the Complaint on March 8, meaning that its removal on April 26 was beyond the 30-day timeline for removal prescribed by 28 U.S.C. section 1446(b)(1). NOR ¶ 6. Ford asserts, however, that the Complaint did not provide notice that the $75,000 amount-in-controversy requirement for diversity jurisdiction had been met, because it did not allege a specific damages amount. *See* 28 U.S.C. § 1332(a). Ford maintains that it was not alerted to the fact that the amount in controversy exceeded $75,000 until it obtained the sales contract for Plaintiff's vehicle on April 15, 2022. Therefore, Ford contends that removal is proper under Section 1446(b)(3), which states that "if the case stated by the initial pleading is not removable," a defendant may remove "within thirty days after receipt by the defendant, through service or otherwise, of a . . . paper from which it may first be ascertained that the case is one which is or has become removable." *See* NOR ¶¶ 6-8.

The Complaint alleges that on March 6, 2020, Plaintiff purchased a 2020 Ford Ecosport. Compl. ¶ 6. When Ford obtained the sales contract, it learned that Plaintiff paid $53,501.20 for the car. Because the Song-Beverly Act allows a plaintiff to recover the amount of the purchase price of the vehicle in the form of restitution, plus up to twice the amount of the purchase price in civil penalties, Ford contends that the amount in controversy is at least $160,503.60. NOR ¶ 28; *see also* Cal. Civ. Code §§ 1793.2(d)(2)(B), 1794(c); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (treble damages, attorneys' fees, and punitive damages are properly considered in calculating amount in controversy if authorized by statute). On top of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-2771-DMG (PLAx) | Date | May 6, 2022 |
| Title | *John Ward v. Ford Motor Company* | Page | 2 of 3 |

this sum, Ford also conservatively estimates that Plaintiff may recover at least $40,000 in attorneys' fees, which are also authorized by the Song-Beverly Act.  NOR ¶¶ 32-33; *see also* Cal. Civ. Code § 1794(d).

Based on Ford's own methodology, Plaintiff need have paid only $11,666.67 for the vehicle to meet the $75,000 amount in controversy, considering a sum that includes restitution of the purchase price, civil penalties of twice the purchase price, and $40,000 in attorneys' fees. Plaintiff in fact paid $53,501.20 for his 2020 Ford Ecosport.  Given that Plaintiff provided the year, make, model, and purchase date of the car in his Complaint—a car that Ford itself manufactured—Ford should have easily been able to ascertain from the Complaint alone that a car that in fact retailed for over $50,000 had sold for at least $11,666.67.[1]  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) ("[D]efendants need not make extrapolations or engage in guesswork [to determine the amount in controversy]; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'") (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). It is simply not credible for Ford to have reasonably believed that the car may have sold for less than a quarter of its actual value.

As one court in this district recently put it:

> At least where a plaintiff alleges a lemon law claim seeking the statutory penalty arising out of the purchase of a vehicle that is approximately one year old, and seeks attorneys' fees, a complaint provides sufficient notice of removability as long as the value of the vehicle approaches $25,000.00. . . . Because the Complaint in this action identifies the make, model, and year of the vehicle at issue, alleges that it was purchased nearly new, and it is objectively known that the value of such a vehicle exceeds $25,000 (or even $5,000, if one includes Song Beverly's double damages and the attorneys' fees Defendant relies on in its Notice of Removal), the Court concludes that Defendant was on notice of the removability of the Complaint when the Complaint itself was served, without needing to conduct any investigation or based on subjective knowledge.

*McDaniel v. Ford Motor Company*, No. CV 22-2431 PA (ASx), at 4 (C.D. Cal. April 21, 2022).

---

[1] Ford's Notice of Removal also accounts for a $13,302.82 reduction in the amount in controversy as a mileage offset, based on the 36,125 miles Plaintiff drove the car from the date of purchase until when he presented it for repairs on August 9, 2021.  NOR ¶ 29.  Even including this offset, the purchase price of the car need only have been $16,100.94—still well below any room for uncertainty in terms of the value of the 2020 Ecosport.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 22-2771-DMG (PLAx) | Date | May 6, 2022 |
| Title | *John Ward v. Ford Motor Company* | Page | 3 of 3 |

Because Ford appears to have had sufficient notice that the amount-in-controversy requirement was met when it was served with the Complaint, its removal is untimely. Ford is therefore **ORDERED TO SHOW CAUSE** why this action should not be remanded to the Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c). Ford's response shall be filed by no later than **May 13, 2022**.

**IT IS SO ORDERED**.